Keith E. Sharkin (KS-1307)
Thomas H. Curtin (TC-5753)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 556-2100
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
                            :

Voss of Norway, A.S.A.,            :        Civil Action No.

             Plaintiff,         :        **JURY TRIAL DEMANDED**

v.                           :        **COMPLAINT**

Enoitalia, S.P.A., an Italian corporation,   :
A.V. Imports, Inc., and Platinum Brands, Inc.,  :

             Defendants.      :

-----------------------------------------------------x

Plaintiff, Voss of Norway, A.S.A., by its undersigned attorneys, for its complaint against the Defendants, states and alleges as follows:

### THE PARTIES

1.     Plaintiff Voss of Norway, A.S.A. ("Plaintiff") is a Norwegian corporation having its principal place of business at Pilestredet 75c, Oslo, Norway 0354. Its principal business is the marketing and sale of artesian drinking water from Norway ("VOSS water").

2.     On information and belief, Defendant Enoitalia S.P.A. ("Enoitalia") is a corporation organized and existing under the laws of Italy, having its principal place of business at Viale del Lavoro 45, San Martino Buon Albergo, Italy. On information and belief, Enoitalia is

engaged in the business of custom bottling and production of wine for distribution and sale in this District and elsewhere in the United States.

3.     On information and belief, Defendant A.V. Imports, Inc. ("A.V. Imports") is a corporation organized and existing under the laws of Maryland, having its principal place of business at 6450 Dobbin Road, Suite G, Columbia, Maryland  21045.  A.V. Imports is in the business of importing and distributing products, including wine, into this District and elsewhere in the United States.

4.     On information and belief, Defendant Platinum Brands, Inc. ("Platinum Brands") is a corporation organized and existing under the laws of Delaware, having its principal place of business at 6450 Dobbin Road, Suite G, Columbia, Maryland  21045.  Platinum Brands is in the business of distributing products, including wine, into this District and elsewhere in the United States.

## NATURE OF THE ACTION

5.     This is an action for trade dress infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §1051 et seq., for trademark infringement and unfair competition under New York statutory and common law, for deceptive and unfair business practices under New York statutory law and for misappropriation under New York common law, which claims are substantial and related to the claims under federal law.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. §1121, 28 U.S.C. §§1331 and 1338(a) and (b).  It has subject matter jurisdiction over the supplemental state claims pursuant to 28 U.S.C. §§1367(a) and 1332.  The value of the interests Plaintiff seeks to protect exceeds the sum of seventy-five thousand dollars ($75,000.00).

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## FACTS

8.    Plaintiff is in the business of producing and supplying bottled artesian drinking water from Norway.  Plaintiff is the owner of United States trademark Registration No. 2,696,925 for a distinctive bottle configuration trademark including the mark "VOSS."  The United States Patent and Trademark Office issued the above-mentioned registration in compliance with law on March 18, 2003.  In addition, Plaintiff is the owner of U.S. Application Serial Nos. 78/507,373; 78/553,612; 78/553,604; 78/553,597; 78/621,263; 78/621,197; and 78/507,375, all in connection with the mark "VOSS" and Voss' distinctive and well-known trade dress including, without limitation, its cylindrical bottle and cap.  A copy of the relevant registration and applications for registration, as published by the United States Patent and Trademark Office, is attached hereto as Exhibit A.

9.    Plaintiff has sold drinking water in a distinctive clear, cylindrical bottle configuration with vertical lettering, a substantially uniform radius from the base to the top of the cap, and cylindrical cap of the same diameter, in the United States since at least the year 2000 and continuously thereafter up to and including the present.  This configuration is a unique configuration within the beverage market.  A photograph of a typical bottle of VOSS water is reproduced and attached as Exhibit B.

10.    Since at least 2000, Plaintiff has given notice of its rights in its trade dress and VOSS mark by using the ™ symbol, and since 2003 by using the ® symbol.

11.    Plaintiff has expended a substantial amount of money and effort in advertising and promoting its VOSS water in its distinctive trade dress.  These activities include (but are not

limited to) print and media advertising, event sponsorships, and product placements in television shows and celebrity events.

12.     The trade dress of VOSS water is not functional.  In particular, and without limitation, the distinctive shape of the bottle is not functional but rather does and is intended to evoke the sleek, sophisticated nature of the pure drinking water from an underground artesian source in a secluded valley in southern Norway that it contains.

13.     Plaintiff's substantial promotional, advertising, publicity, and public relations activities further promote the recognition and goodwill associated with its trade dress and VOSS mark.

14.     As a result of Plaintiff's extensive efforts to promote VOSS water, the distinctive trade dress associated with VOSS water is well recognized, along with and apart from the word mark "VOSS," among consumers of premium bottled water.  The distinctive trade dress of VOSS water is critical to its success in the market.  The packaging and overall trade dress of VOSS water is inherently distinctive and has developed and now possesses secondary meaning to consumers.

15.     Defendant Enoitalia has recently begun to market and import into the United States a pinot grigio wine called "VOGA."  Defendants' product utilizes a trade dress and packaging that is virtually identical to the packaging and overall trade dress of VOSS water, so that an average consumer would confuse the origin of the Enoitalia product and believe that it originated from, or was associated with, Plaintiff and its product, VOSS water.  A photograph depicting a bottle of VOGA wine is reproduced and attached as Exhibit C.  A photograph depicting the reverse side of a bottle of VOSS water (on the left), side-by-side with the back of a bottle of VOGA wine (on the right) is reproduced and attached as Exhibit D.  The virtually

identical nature of the trade dress and packaging of the respective products is evident from the photographs.

16.     On information and belief, Defendants A.V. Imports and Platinum Brands, through substantial activities that took place in this District, have imported VOGA wine into the United States and have distributed that wine to consumers in the United States, including a substantial number of consumers in this District.

17.     On information and belief, approximately 75,000 cases of VOGA wine have been imported into the United States, and an unknown but substantial quantity of VOGA wine is presently for sale to consumers in the State of New York and in this District.  On information and belief, Defendant Enoitalia is aware and specifically intends that VOGA wine will be imported into the United States through the Port of New York and sold in substantial quantities in New York and this District through the efforts and activities of Defendants A.V. Imports and Platinum Brands.  These activities have caused harm to Plaintiff in New York and in this District.

18.     VOGA wine is marketed and sold through the same or similar channels in which Plaintiff's VOSS water is sold or would be expected to be sold, and the advertising and promotion of VOGA wine is directed to the same persons and entities that are actual and potential customers of Plaintiff and consumers of VOSS water.

19.     There is no association or affiliation of any kind between Plaintiff and any of the Defendants, and the Defendants' use of a virtually identical trade dress and packaging combined with the use of a colorable imitation of the VOSS mark is without Plaintiff's permission or consent.  Plaintiff has no control over the manner of use of the VOGA wine packaging or the quality of the product offered.

20.     On information and belief, Defendants have imported and sold their product in willful violation of Plaintiff's trademark and trade dress rights within this District and elsewhere in the United States.

21.     Defendants have been made aware of the Plaintiff's prior rights by letter and, to date, have refused to cease and desist from their marketing of VOGA wine under a confusingly similar and deceptively similar trademark, trade dress and packaging to that long used by Plaintiff.

**COUNT I**
**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK**
**15 U.S.C. §1114**

22.     Plaintiff repeats and realleges paragraphs 1-21.

23.     Plaintiff owns a distinctive design mark for the overall trade dress and packaging for VOSS water and its certificate of registration, No. 2,696,925, is ***prima facie*** evidence of its ownership of the mark, the validity of the registration, and its exclusive right to use that mark in commerce with respect to drinking water.

24.     Defendants' continued promotion and sale of VOGA wine in commerce utilizing a virtually identical trade dress and packaging under a confusingly similar mark is likely to cause confusion, mistake, or deception as to the source or origin of VOGA wine in that customers and potential customers are likely to believe that VOGA wine is provided by, sponsored by, approved by, licensed by, affiliated, or associated with Plaintiff, or is some other way is legitimately connected to Plaintiff.

25.     Defendants' activities have had and will continue to have a substantial adverse effect on Plaintiff's existing and future interstate business, as well as on the goodwill of its mark.

26.     As a direct and proximate result of this likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the Defendants' conduct is not enjoined, which harm cannot be adequately compensated solely by money damages.

27.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover the costs of this action.  The intentional nature of the Defendants' conduct renders this an "exceptional case" entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. §1117(a).

## COUNT II
## TRADE DRESS INFRINGEMENT
## 15 U.S.C. §1125(a)

28.     Plaintiff repeats and realleges paragraphs 1-27.

29.     Plaintiff is the owner of a distinctive mark for the overall trade dress for VOSS water, including a clear, cylindrical bottle configuration with the word "VOSS" appearing vertically in the style depicted in Exhibit A, the bottle being of substantially uniform radius from the base to the top of the cap, and cylindrical cap of the same diameter.

30.     Defendants' continued promotion and sale of VOGA wine in commerce utilizing a virtually identical trade dress is likely to cause confusion, mistake, or deception as to the source or origin of VOGA wine in that customers and potential customers are likely to believe that VOGA wine is provided by, sponsored by, approved by, licensed by, affiliated, or associated with Plaintiff, or is some other way is legitimately connected to Plaintiff.

31.     Defendants' activities have had and will continue to have a substantial adverse effect on Plaintiff's existing and future interstate business, as well as on the goodwill of its mark.

32.     As a direct and proximate result of this likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the Defendants' conduct is not enjoined, which harm cannot be adequately compensated solely by money damages.

33.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover the costs of this action.  The intentional nature of the Defendants' conduct renders this an "exceptional case" entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. §1117(a).

## COUNT III
## PRODUCT CONFIGURATION INFRINGEMENT
## 15 U.S.C. §1125(a)

34.     Plaintiff repeats and realleges paragraphs 1-33.

35.     VOSS water is uniquely configured with a sleek, cylindrical profile of a clear beverage bottle with the word "VOSS" appearing vertically in the style depicted in Exhibit A, the bottle being of substantially uniform radius from the base to the top of the cap, and cylindrical cap of the same diameter.

36.     Defendants' continued promotion and sale of VOGA wine in commerce utilizing a virtually identical package configuration is likely to cause confusion, mistake, or deception as to the source or origin of VOGA wine in that customers and potential customers are likely to believe that VOGA wine is provided by, sponsored by, approved by, licensed by, affiliated, or associated with Plaintiff, or is some other way is legitimately connected to Plaintiff.

37.     Defendants' activities have had and will continue to have a substantial adverse effect on Plaintiff's existing and future interstate business, as well as on the goodwill of its mark.

38.     As a direct and proximate result of this likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the Defendants' conduct is not enjoined, which harm cannot be adequately compensated solely by money damages.

39.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover the costs of this action.  The intentional nature of the Defendants' conduct renders this an "exceptional case" entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. §1117(a).

## COUNT IV
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. §1125(a)

40.     Plaintiff repeats and realleges paragraphs 1 - 39.

41.     Plaintiff is the owner of a design mark consisting of a cylindrical beverage container with a cylindrical lid, as depicted in U.S. Application Serial No. 78/507,373 (attached as Exhibit A, page 3).

42.     Plaintiff's mark is distinctive and not functional.  Defendants' continued promotion and sale of VOGA wine in commerce is likely to cause confusion, mistake, or deception as to the source or origin of VOGA wine in that customers and potential customers are likely to believe that VOGA wine is provided by, sponsored by, approved by, licensed by, affiliated, or associated with Plaintiff, or is some other way is legitimately connected to Plaintiff.

43.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the Defendants' conduct is not enjoined, which cannot be adequately compensated solely by money damages.

44.     Defendants' conduct violates Section 43(a) of the Lanham Act with respect to the aforesaid design mark.

45.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover the costs of this action.  The intentional nature of the Defendants' conduct renders this an "exceptional case" entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. §1117(a).

## COUNT V
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. §1125(a)

46.     Plaintiff repeats and realleges paragraphs 1 - 45.

9

47.    Plaintiff is the owner of a design mark consisting of a cylindrical beverage container with a substantially cylindrical lid colored white, as depicted in U.S. Application Serial No. 78/553,612 (attached as Exhibit A, page 5).

48.    Plaintiff's mark is distinctive and not functional.  Defendants' continued promotion and sale of VOGA wine in commerce is likely to cause confusion, mistake, or deception as to the source or origin of VOGA wine in that customers and potential customers are likely to believe that VOGA wine is provided by, sponsored by, approved by, licensed by, affiliated, or associated with Plaintiff, or is some other way is legitimately connected to Plaintiff.

49.    As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the Defendants' conduct is not enjoined, which cannot be adequately compensated solely by money damages.

50.    Defendants' conduct violates Section 43(a) of the Lanham Act with respect to the aforesaid design mark.

51.    Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover the costs of this action.  The intentional nature of the Defendants' conduct renders this an "exceptional case" entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. §1117(a).

## COUNT VI
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. §1125(a)

52.    Plaintiff repeats and realleges paragraphs 1 - 51.

53.    Plaintiff is the owner of a design mark consisting of a container with a substantially cylindrical lid, as depicted in U.S. Application Serial No. 78/553,604 (attached as Exhibit A, page 7).

54.    Plaintiff's mark is distinctive and not functional.  Defendants' continued promotion and sale of VOGA wine in commerce is likely to cause confusion, mistake, or

deception as to the source or origin of VOGA wine in that customers and potential customers are likely to believe that VOGA wine is provided by, sponsored by, approved by, licensed by, affiliated, or associated with Plaintiff, or is some other way is legitimately connected to Plaintiff.

55.    As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the Defendants' conduct is not enjoined, which cannot be adequately compensated solely by money damages.

56.    Defendants' conduct violates Section 43(a) of the Lanham Act with respect to the aforesaid design mark.

57.    Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover the costs of this action.  The intentional nature of the Defendants' conduct renders this an "exceptional case" entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. §1117(a).

## COUNT VII
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. §1125(a)

58.    Plaintiff repeats and realleges paragraphs 1 - 57.

59.    Plaintiff is the owner of a design mark consisting of a cylindrical beverage container with a substantially cylindrical lid colored silver-gray, as depicted in U.S. Application Serial No. 78/553,597 (attached as Exhibit A, page 9).

60.    Plaintiff's mark is distinctive and not functional.  Defendants' continued promotion and sale of VOGA wine in commerce is likely to cause confusion, mistake, or deception as to the source or origin of VOGA wine in that customers and potential customers are likely to believe that VOGA wine is provided by, sponsored by, approved by, licensed by, affiliated, or associated with Plaintiff, or is some other way is legitimately connected to Plaintiff.

61.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the Defendants' conduct is not enjoined, which cannot be adequately compensated solely by money damages.

62.     Defendants' conduct violates Section 43(a) of the Lanham Act with respect to the aforesaid design mark.

63.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover the costs of this action.  The intentional nature of the Defendants' conduct renders this an "exceptional case" entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. §1117(a).

### COUNT VIII
### FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. §1125(a)

64.     Plaintiff repeats and realleges paragraphs 1 - 63.

65.     Plaintiff is the owner of a design mark consisting of an 800-milliliter container with vertical sides of the same radius from the neck of the bottle to its base, as depicted in U.S. Application Serial No. 78/621,263 (attached as Exhibit A, page 11).

66.     Plaintiff's mark is distinctive and not functional.  Defendants' continued promotion and sale of VOGA wine in commerce is likely to cause confusion, mistake, or deception as to the source or origin of VOGA wine in that customers and potential customers are likely to believe that VOGA wine is provided by, sponsored by, approved by, licensed by, affiliated, or associated with Plaintiff, or is some other way is legitimately connected to Plaintiff.

67.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the Defendants' conduct is not enjoined, which cannot be adequately compensated solely by money damages.

68.     Defendants' conduct violates Section 43(a) of the Lanham Act with respect to the aforesaid design mark.

69.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover the costs of this action.  The intentional nature of the Defendants' conduct renders this an "exceptional case" entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. §1117(a).

## COUNT IX
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. §1125(A)

70.     Plaintiff repeats and realleges paragraphs 1 -69.

71.     Plaintiff is the owner of a design mark consisting of a 330-milliliter cylindrical container with vertical sides of the same radius from the neck of the bottle to its base, as depicted in U.S. Application Serial No. 78/621,197 (attached as Exhibit A, page 13).

72.     Plaintiff's mark is distinctive and not functional.  Defendants' continued promotion and sale of VOGA wine in commerce is likely to cause confusion, mistake, or deception as to the source or origin of VOGA wine in that customers and potential customers are likely to believe that VOGA wine is provided by, sponsored by, approved by, licensed by, affiliated, or associated with Plaintiff, or is some other way is legitimately connected to Plaintiff.

73.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the Defendants' conduct is not enjoined, which cannot be adequately compensated solely by money damages.

74.     Defendants' conduct violates Section 43(a) of the Lanham Act with respect to the aforesaid design mark.

75.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover the costs of this action.  The intentional nature of the Defendants' conduct renders this an "exceptional case" entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. §1117(a).

## COUNT X
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. §1125(a)

76.     Plaintiff repeats and realleges paragraphs 1 - 75.

77.     Plaintiff is the owner of the name and mark "VOSS", as depicted in U.S. Application Serial No. 78/507,375 (attached as Exhibit A, page 15).

78.     Plaintiff's mark is distinctive.  Defendants' continued promotion and sale of wine bearing a confusingly similar mark, VOGA, in commerce is likely to cause confusion, mistake, or deception as to the source or origin of VOGA wine in that customers and potential customers are likely to believe that VOGA wine is provided by, sponsored by, approved by, licensed by, affiliated, or associated with Plaintiff, or is some other way is legitimately connected to Plaintiff.

79.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the Defendants' conduct is not enjoined, which cannot be adequately compensated solely by money damages.

80.     Defendants' conduct violates Section 43(a) of the Lanham Act with respect to the aforesaid mark.

81.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover the costs of this action.  The intentional nature of the Defendants' conduct renders this an "exceptional case" entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. §1117(a).

## COUNT XI
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## UNDER COMMON LAW AND
## N.Y. GEN. BUSINESS LAW §360 (2004)

82.     Plaintiff repeats and realleges paragraphs 1 - 81.

83.     This cause of action arises under the New York General Business Law and the common law of New York State.

14

84.     Defendants' activities complained of constitute trademark infringement and unfair competition in violation of Plaintiff's rights under the common law of the State of New York and N.Y. Gen. Bus. Law §360 (2004).

## COUNT XII
## DECEPTIVE ACTS AND PRACTICES
## N.Y. GEN. BUSINESS LAW §360 (2004)

85.     Plaintiff repeats and realleges paragraph 1-84.

86.     Defendants' activities complained of constitute deceptive acts and practices in the conduct of Defendants' business, trade or commerce all in violation of N.Y. Gen. Bus. Law §349 (2004).

## COUNT XIII
## MISAPPROPRIATION

87.     Plaintiff repeats and realleges paragraph 1-86.

88.     Defendants' activities complained of constitute misappropriation by Defendants to their own use and benefit the valuable goodwill, reputation and business property of Plaintiff in violation of Plaintiff's rights under the common law of the State of New York.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

WHEREFORE, Plaintiff prays that the Court enter an order:

A.      Preliminarily, and then permanently, enjoining, and restraining the Defendants, their members, managers, directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Defendants, at first during the pendency of this action and thereafter perpetually:

1.    From importing into, distributing and/or selling in the United States bottles of VOGA wine utilizing the trade dress and packaging depicted in Exhibit C of the Complaint;

2.    From importing into, distributing and/or selling in the United States bottles of VOGA wine utilizing a trade dress and/or packaging that is confusingly similar to that depicted in Exhibits A and B of the Complaint;

3.    From using the trade dress and/or packaging depicted in Exhibits A and B, or a colorable imitation thereof, in any promotional materials or advertising for VOGA wine or other beverage in the United States, including any advertising appearing over the Internet;

4.    From committing any acts of unfair competition and/or from implying a false designation of origin or a false description or representation with respect to Plaintiff's trade dress and packaging;

5.    From committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods/services which are not Plaintiff's goods/services as those of Plaintiff; and

6.    From committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe mistakenly that Defendants' goods/services are the goods/services of Plaintiff or sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Plaintiff under the supervision or control of Plaintiff.

7.    From otherwise unfairly competing with Plaintiff or misappropriating that which rightfully belongs to Plaintiff.

B.      An order requiring that the Defendants destroy any and all containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way infringe upon, unlawfully use or make reference to Plaintiff's trademark and/or trade dress as depicted in Exhibits A and B to the Complaint, in connection with Defendants' products.

C.      An order requiring that Defendants, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon the Plaintiff's counsel a written report under oath setting forth details of the manner in which Defendants have complied with the Court's order pursuant to paragraphs A and B above.

D.      An order requiring Defendants to account and pay over to Plaintiff all damages sustained by Plaintiff, Defendants' profits, Plaintiff's attorneys fees, and costs, and ordering that the amount of damages awarded Plaintiff be increased three times the amount thereof.

E.      Awarding Plaintiff such other relief as the Court may deem just and proper.

KING & SPALDING LLP
Attorneys for Plaintiff

Date: September 16, 2005                    By

Keith E. Sharkin (KS-1307)
Thomas H. Curtin (TC-5753)

1185 Avenue of the Americas
New York, New York  10036
Telephone No.:  (212) 556-2100
Facsimile No.:  (212) 556-2222

Of Counsel:

John A. Clifford (#134,181)
Andrew Erhard (#41418)

MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402-2215
Telephone No.:  (612) 332-5300
Facsimile No.:  (612) 332-9081

Regina Vogel Culbert (#30213)

MERCHANT & GOULD P.C.
701 Fifth Avenue, Suite 4700
Seattle, Washington  98104
Telephone No.:  (206) 342-6259
Facsimile No.:  (206) 342-6201

**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Aug 30 04:18:53 EDT 2005*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout Please logout when you are done to release system resources allocated for you.

Start List At: ___ OR Jump to record: ___ **Record 9 out of 9**

TARR Status | ASSIGN Status | TDR Status | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | VOSS |
| **Goods and Services** | IC 032. US 045 046 048. G & S: Non-alcoholic beverages, namely mineral water |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 190925 |
| **Serial Number** | 75753149 |
| **Filing Date** | July 16, 1999 |
| **Current Filing Basis** | 44E |
| **Original Filing Basis** | 1B;44D |
| **Published for Opposition** | July 9, 2002 |
| **Registration Number** | 2696925 |
| **Registration Date** | March 18, 2003 |
| **Owner** | (REGISTRANT) **Voss of Norway** AS CORPORATION NORWAY Vibegate 24 N-0356 Oslo NORWAY |
| **Attorney of Record** | Michael B. Lasky |
| **Priority Date** | January 19, 1999 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "representation of the cylindrical beverage bottle" APART FROM THE MARK AS SHOWN |

**Description of Mark** The mark consists of the figure portion of the mark depicts a cylindrical beverage container, with a cylindrical lid.
**Type of Mark** TRADEMARK
**Register** PRINCIPAL
**Live/Dead Indicator** LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Aug 30 04:18:53 EDT 2005*



Logout | Please logout when you are done to release system resources allocated for you.

Start | List At:     OR | Jump | to record:     **Record 1 out of 9**

TARR Status | ASSIGN Status | TDR Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Goods and Services** | IC 032. US 045 046 048. G & S: drinking water. FIRST USE: 20001118. FIRST USE IN COMMERCE: 20001118 |
| **Mark Drawing Code** | (2) DESIGN ONLY |
| **Design Search Code** | 190903 190925 191101 |
| **Serial Number** | 78507373 |
| **Filing Date** | October 28, 2004 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) **Voss of Norway** ASA CORPORATION NORWAY Pilestredet 75c Oslo NORWAY 0354 |
| **Attorney of Record** | John A. Clifford |
| **Prior Registrations** | 2696925 |
| **Description of Mark** | The mark consists of a cylindrical beverage container with a cylindrical lid. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

Ex. A, Pg. 3

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| | | | NEXT DOC | LAST DOC | | | | | |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Aug 30 04:18:53 EDT 2005*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:         OR  Jump  to record:        **Record 4 out of 9**

TARR Status | ASSIGN Status | TDR Status | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Goods and Services** | IC 032. US 045 046 048. G & S: Drinking water. FIRST USE: 20020400. FIRST USE IN COMMERCE: 20020400 |
| **Mark Drawing Code** | (2) DESIGN ONLY |
| **Design Search Code** | 190504 261902 |
| **Serial Number** | 78553612 |
| **Filing Date** | January 25, 2005 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) **Voss of Norway** ASA CORPORATION NORWAY Pilestredet 75C Oslo NORWAY 0354 |
| **Attorney of Record** | John A. Clifford |
| **Prior Registrations** | 2696925 |
| **Description of Mark** | The color(s) white is/are claimed as a feature of the mark. The mark consists of a container with a substantially cylindrical lid colored white. The dotted lines depict the container and is not a feature of the mark, no claim is made to it, and it serves only to show the position of the mark on the goods. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |

Ex. A, Pg. 5

**Live/Dead
Indicator**        LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| PREV LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Aug 30 04:18:53 EDT 2005*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start List At:          OR  Jump to record:        **Record 5 out of 9**

| TARR Status | ASSIGN Status | TDR Status | TTAB Status | ( *Use the "Back" button of the Internet Browser to return to TESS*)



| | |
|---|---|
| **Goods and Services** | IC 032. US 045 046 048. G & S: Drinking water. FIRST USE: 20001118. FIRST USE IN COMMERCE: 20001118 |
| **Mark Drawing Code** | (2) DESIGN ONLY |
| **Design Search Code** | 190504 261902 |
| **Serial Number** | 78553604 |
| **Filing Date** | January 25, 2005 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) **Voss of Norway** ASA CORPORATION NORWAY Pilestredet 75C Oslo NORWAY 0354 |
| **Attorney of Record** | John A. Clifford |
| **Prior Registrations** | 2696925 |
| **Description of Mark** | The mark consists of a container with a substantially cylindrical lid. The dotted lines depict the container and is not a feature of the mark, no claim is made to it, and it serves only to show the position of the mark on the goods. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |

Ex. A, Pg. 7

**Live/Dead**
**Indicator**          LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Aug 30 04:18:53 EDT 2005*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

[ Logout ] Please logout when you are done to release system resources allocated for you.

[ Start ] List At: ____ OR [ Jump ] to record: ____ **Record 6 out of 9**

| TARR Status | ASSIGN Status | TDR Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Goods and Services** | IC 032. US 045 046 048. G & S: Drinking water. FIRST USE: 20001118. FIRST USE IN COMMERCE: 20001118 |
| **Mark Drawing Code** | (2) DESIGN ONLY |
| **Design Search Code** | 261902 |
| **Serial Number** | 78553597 |
| **Filing Date** | January 25, 2005 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) **Voss of Norway** ASA CORPORATION NORWAY Pilestredet 75C Oslo NORWAY 0354 |
| **Attorney of Record** | John A. Clifford |
| **Prior Registrations** | 2696925 |
| **Description of Mark** | The color(s) silver-grey is/are claimed as a feature of the mark. The mark consists of a container with a substantially cylindrical lid colored silver-grey. The dotted lines depict the container and is not a feature of the mark, no claim is made to it, and it serves only to show the position of the mark on the goods. |
| **Type of Mark** | TRADEMARK |

| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Aug 30 04:18:53 EDT 2005*



[ Logout ] **Please logout when you are done to release system resources allocated for you.**

[ Start ]  List At: _____      OR  [ Jump ]  to record: _____      **Record 2 out of 9**

| TARR Status | ASSIGN Status | TDR Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)* |

| Goods and Services | IC 032. US 045 046 048. G & S: drinking water |
|---|---|
| Mark Drawing Code | (2) DESIGN ONLY |
| Design Search Code | 190903 |
| Serial Number | 78621263 |
| Filing Date | May 2, 2005 |
| Current Filing Basis | 1B |
| Original Filing Basis | 1B |
| Owner | (APPLICANT) **Voss of Norway** ASA CORPORATION NORWAY Pilestredet 75c Oslo NORWAY 0354 |
| Attorney of Record | Andrew S. Ehard |
| Prior Registrations | 2696925 |
| Description of Mark | The mark consists of a 800 milliliter cylindrical container with vertical sides of the same radius from the neck of the bottle to its base. The dotted lines depict the container's cap fastener that is not a feature of the mark, no claim is made to it, and it serves only to show the position of the mark on the goods. |
| Type of Mark | TRADEMARK |

Case 1:05-cv-08061-RMB    Document 1    Filed 09/16/05    Page 30 of 37

**Register**          PRINCIPAL
**Live/Dead**
**Indicator**         LIVE

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Aug 30 04:18:53 EDT 2005*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
|---|---|---|---|---|---|---|---|---|---|
| | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | |

[ Logout ]  Please logout when you are done to release system resources allocated for you.

[ Start ] List At:          OR [ Jump ] to record:      **Record 3 out of 9**

| TARR Status | ASSIGN Status | TDR Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Goods and Services** | IC 032. US 045 046 048. G & S: drinking water |
| **Mark Drawing Code** | (2) DESIGN ONLY |
| **Design Search Code** | 190903 |
| **Serial Number** | 78621197 |
| **Filing Date** | May 2, 2005 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Voss of Norway ASA CORPORATION NORWAY Pilestredet 75c Oslo NORWAY 0354 |
| **Attorney of Record** | Andrew S. Ehard |
| **Prior Registrations** | 2696925 |
| **Description of Mark** | The mark consists of a 330 milliliter cylindrical container with vertical sides of the same radius from the neck of the bottle to its base. The dotted lines depict the container's cap fastener that is not a feature of the mark, no claim is made to it, and it serves only to show the position of the mark on the goods. |
| **Type of Mark** | TRADEMARK |

**Register**          PRINCIPAL
**Live/Dead**         LIVE
**Indicator**

---

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

---

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Aug 30 04:18:53 EDT 2005*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout** Please logout when you are done to release system resources allocated for you.

**Start** List At:          OR **Jump** to record:          **Record 8 out of 9**

| TARR Status | ASSIGN Status | TDR Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# VOSS

| | |
|---|---|
| **Word Mark** | VOSS |
| **Goods and Services** | IC 032. US 045 046 048. G & S: drinking water. FIRST USE: 20001118. FIRST USE IN COMMERCE: 20001118 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78507375 |
| **Filing Date** | October 28, 2004 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) **Voss of Norway** ASA CORPORATION NORWAY Pilestredet 75c Oslo NORWAY 0354 |
| **Attorney of Record** | John A. Clifford |
| **Prior Registrations** | 2696925 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



Ex. B, Pg. 1



Ex. C, Pg. 1

